SOMMERVILLE, J.
January 16, 1911, Emily Magruder, sister of Thomas Magruder, colored, filed a petition attacking the nuncupative will by public act of Thomas Magruder, received by Joseph Duvigneaud, late a notary public in the parish of Orleans, July 23, 1892. In said will Thomas Magruder constituted his wife his universal legatee. Fifteen years thereafter, November 27, 1907, Magruder died; his will was admitted to probate; and his widow was sent into possession of the estate. April 12, 1909, the widow died; her succession was opened; and her heirs were put in possession of her estate.
Some 18 or 19 years after the will was made, and 3y2 years after Magruder died and his will was admitted to probate, and his widow sent into possession of his estate, Emily Magruder, sister of the deceased, attacked the nuncupative will .of her brother, alleging that it was not received by the notary in the presence of three witnesses; that it was not dictated by him, and written by the notary as dictated; and that Thomas Magruder was, at the time of the confection of said alleged will, so deaf as to be unable to hear said notary read said alleged will to him — all contrary to law. There was judgment in favor of plaintiff; and defendants, the heirs of Jane Taylor Magruder, have appealed. ’
The will attacked is before us. It was received by Joseph Duvigneaud, notary, who is now dead. So, also, is one of the three witnesses, who signed the will, dead. So, also, is the universal legatee, the widow of Thomas Magruder.
The remaining two witnesses to the will were introduced as witnesses by the plaintiff on the trial of the cause. They testified to the irregularities and nullities alleged by plaintiff.
One of these two witnesses testified that when he arrived at the house of the decedent the notary was engaged in writing the will, and that the other two witnesses came into the room subsequently; one of them says that the testator could neither ' speak nor hear; the other one says that the testator could speak, and did speak to the notary, and that the testator told the notary that he wished his property to go to his wife. To a certain extent they are contradicted by the original will, which was signed by them in the year 1892, wherein the notary public recites, over his official signature, that all things which the law requires should be done in receiving a nuncupative will by public act were done by him. An examination of the document itself contradicts these witnesses where they say that the notary was writing, *150 or had written, the will before they entered the room. The handwriting in the body of the instrument shows that the names were inserted at the time that the document was being written by the notary; there were no vacant spaces in the document, and the names of the witnesses were not inserted subsequently. It is quite clear that the testament was written regularly and in order, after the witnesses had given their names to the notary.
These witnesses are further contradicted by the testimony of apparently reliable witnesses, who say that Magruder, on the day that his will was received by the notary, was both able to hear and to talk, that they talked to him, and that he talked to them; they testify that the deceased was somewhat deaf in 1892, and that he grew harder of hearing as he grew older, but that he was able to hear very clearly at all times when his attention was first called to the speaker. Some of the witnesses also testified to the loudness of Judge Duvigneaud’s voice; and this leaves no doubt in the mind of the court that the testator was able to hear the notary when he read the will in the presence of the witnesses, who certified to what was done, at the time.
The law makes a nuncupative will by public act full proof of itself; hence it will take very positive evidence, on the part of the person attacking such a will, for the courts to set it aside for any cause. Testimony introduced on behalf of plaintiff is not positive, and it is not direct. It is given by two persons who contradict their former written statements contained in that will, made twenty years ago. The length of time which has passed is against the strength of this testimony. These witnesses admit that they were not paying close attention to what was going on at the time, and they testify very positively as to the details which would render the will null and void. Such testimony cannot prevail against the statements which they subscribed to twenty years ago, and which were also subscribed to by a public officer of the state of Louisiana, who is now dead; besides, these witnesses, who are white men, while the parties to the litigation are negroes, have unsavory reputations, which affect their credibility. One is an ex-convict, who served a term in the penitentiary for receiving stolen property, while the other lives with a negro woman, by whom he has a family of children. Their testimony will not prevail against the certificate of the notary public that all the parties to the will complied with the terms of the law, as set forth in the will.
The plaintiff, Emily Magruder, sister of the deceased, was also a witness on her own behalf; and she appears to a disadvantage as a witness. She did not testify as to the receiving of the will; but her credibility was successfully attacked when she swore to the friendly relations which existed between her and her deceased brother, and of her devotion to him when he was very sick in 1892. We do not credit the testimony offered on behalf of the plaintiff. She has failed to make out her case. And we are constrained to maintain the legality of the public act, which is regular and legal, and which was made and subscribed to by a state officer more than twenty years ago. Plaintiff knew that the will was admitted to probate in 1907, but she did not attack it until after the death of the universal legatee.
It is therefore ordered, adjudged, and decreed that the judgment appealed from' be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that plaintiff’s suit be dismissed, at her cost in both courts.
O’NIELL, J., takes no part.